## STATE ex FULTON v ACH et

Ohio Appeals, 9th Dist, Summit Co

No 3100.  Decided January 23, 1939

(ROSS, PJ, HAMILTON and MATTHEWS, JJ, of the First Appellate District, sitting by designation.)

Brouse, McDowell, May & Bierce, Akron, for appellee.

Schwab & Hinton, Akron, and Willis Bacon, Akron, for appellants.

## OPINION

By HAMILTON, J.

Appeal on questions of law.

The question for decision is whether or not the Court of Common Pleas of Summit county committed error in entering a nunc pro tunc entry, made in the above entitled case.

It appears that in 1931, the plaintiff, liquidator of The Security Savings Bank of Akron, Ohio, filed his petition in the Court of Common Pleas of Summit county, Ohio, against the defendants named and some two hundred others, to recover double liability judgments against the individual stockholders, named as defendants.

Several default judgments were taken in the case against named defendants. Many of the answers were general denials, others were special defenses.

Thereafter, in 1933, for reasons which are not clear, the plaintiff elected to proceed to trial against the defendant Sam J. Cole. At the trial, the court directed a verdict in favor of Cole, on the theory that no proper finding of necessity had been made by the Superintendent of Banks. Judgment was entered on the directed verdict, and the plaintiff, Superintendent of Banks prosecuted error to the Court of Appeals, which court reversed the judgment in favor of Cole, and remanded the case for trial. The second trial was had against Sam J. Cole, as the record shows, and on November 3rd, 1933, the jury brought in the following verdict:

"We, the jury, being impanelled and sworn, find the issues in this case in favor of the defendant Sam J. Cole."

The plaintiff filed a motion for a new trial, which the trial court overruled, and entered the following judgment on the verdict:

"Motion of the plaintiff for a new trial overruled and judgment is rendered herein in favor of the defendants for Court costs accrued and taxed herein at $....... Plaintiff objects and excepts."

No appeal was taken from this judgment. Nothing was done until March 3rd, 1937, when the Superintendent of Banks filed a new stockholders' suit against fifty-eight of the stockholders, against whom no judgment had been entered.  Thereupon, counsel claimed to represent these stockholders as a class and on behalf of thirty-six of the fifty-eight defendants filed an injunction suit seeking to restrain the plaintiff from proceeding further on the claimed double liability, on the ground that the entry made on the second verdict in favor of Sam J. Cole was intended to be and was to be considered in favor of all the defendants named in the original action, basing this claim on the fact that there was an oral understanding and agreement that the result of the Sam J. Cole trial would be con-

sidered as a judgment determining all the defendants' liability. Thereupon the plaintiff superintendent filed a motion for a nunc pro tunc entry, seeking to change the entry on the verdict at the second trial against Sam J. Cole, to have the word "defendants" read "defendant". Proper notices were given of the filing of the motion for a nunc pro tunc entry and the hearing thereon. The hearing was had before the trial court April 14th, 1938, and evidence was produced pro and con as to what the Court actually did in the Sam J. Cole judgment. The Court sustained the motion and made a nunc pro tunc entry to correct the entry of January 24th, 1934, on the verdict in favor of Sam J. Cole, under the claimed right to make the judgment speak the truth. The nunc pro tunc entry read:

"Motion of the plaintiff for a new trial overruled and judgment is rendered herein in favor of the defendant, Sam J. Cole, for Court costs accrued and taxed herein at $....... Plaintiff objects and excepts.

It will be noted the only difference in the two judgments is that instead of reading "defendants" the Court in the nunc pro tunc entry made it read "in favor of defendant, Sam J. Cole."

It is contended that this was a correction or changing of the judgment after term, which the Court had no power to do in the manner herein sought. Counsel for the stockholders claim that the judgment originally entered was corrected under a stipulation that the result of that trial should be considered as a finding in favor of all the defendant stockholders, and based their claim on the fact that there was a stipulation to the effect that that would be the result of that trial. This is denied by the plaintiff, Superintendent of Banks, and such a stipulation or agreement is not established, and was so found by the trial Court on the evidence submitted.

It is admitted there is no stipulation in the record, that it was but an oral understanding, on which the evidence is in direct conflict. Counsel for Cole does not support any such stipulation or agreement.

The trial Court has no recollection of any such agreement or stipulation.

It is stated in **Jacks v Adamson, 56 Oh St., 397:**

"The inherent power of courts of record to correct their records in furtherance of justice is of ancient exercise. It is admitted that the power exists, and that it is restricted to placing upon the record evidence of judicial action which has been actually taken."

If the original judgment in favor of Cole at the second trial was solely for the defendant, Cole, the Court had no power to enter a judgment except in favor of Cole, defendant, in the trial. In the second Cole trial, the jury returned a verdict, clear and explicit, that they found on the issues in favor of the defendant—Sam J. Cole. Had there been no motion for a new trial, under the statute, it would be the duty of the clerk to enter judgment on the verdict, and the only judgment which he could have entered on the verdict would be a judgment in favor of the defendant, Cole.

Upon the overruling of the motion, it became the duty of the Court to enter judgment on his verdict, and no other judgment could be rendered on the verdict. There being nothing shown to the contrary, it is presumed that the court actually did perform its duty, and render the judgment in accordance with the verdict.

The fact that the letter (s) is added to defendant did not speak the truth. Cole was not defendants, but a defendant in the case. If the Court has inherent power to make its judgments speak the truth and show what actually did occur, certainly the Court would have the power to make a nunc pro tunc order, as it did in this case, if he actually rendered judgment only in favor of Sam J. Cole, defendant, and the record discloses the plural use of the word defendant, naming no other defendants. This must be considered as such a situation that the Court could nunc pro tunc the judgment to speak what it actually did, and all of the facts in the case and surrounding circumstances indicated that the only power the Court had to enter judgment on the verdict was to enter judgment in favor of Sam J. Cole, defendant, and that was all he did. Anything further would be to interpret the effect of—what was actually done.

If, as claimed by counsel for the Superintendent there was no agreement that the result of the Cole trial should be considered as a finding in favor of the other defendants, that question in all probability remains open, at least, we are not in this decision depriving the stockholders of any valid agreement they may have made with the Superintendent that he would not pursue the actions further. The question would arise as to whether or not the Superintendent of Banks in his trust capacity could waive and enter into an agreement not to proceed against other stockholders, who

might be liable, for the benefit of creditors. We are not determining these questions in this review. We are only determining the question as to the right of the court to make his judgment speak the truth as to what was decided in the judgment on the verdict in the second Cole trial.

Several of the defendants had different defenses from that of Sam J. Cole. Therefore, their rights could not be decided as a matter of law in the Cole case, and, therefore, the Sam J. Cole trial would not determine the issues in those other cases where the defenses were different. There may also be a question as to whether or not such answers were within the power of the Superintendent of Banks in the discharge of his duties.

Our conclusion is, that since the court could not enter any other valid judgment, it is presumed he did enter what was authorized under the law, and did enter a judgment in favor of Sam J. Cole, defendant, and that was all that could have been contained in the judgment, and since there is no showing to the contrary, the Court certainly had a right to nunc pro tunc an order, causing the judgment to speak the truth, as to what was actually decided.

Moreover, while the writer does not approve of the proceeding to correct the entry by a nunc pro tunc order, since the interpretation of the judgment on the verdict would have to be for "the defendant Sam J. Cole," no prejudice could result to the other defendants, and the judgment is therefore affirmed.

ROSS, PJ, and MATTHEWS, J, concur.